UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff, Case No.: 26-cr-20306-1

v. Hon. Judith E. Levy

Zainab Hakim,

Defendant.

---

**MOTION TO MODIFY CONDITIONS OF RELEASE**

---

Zainab Hakim is charged in a ten-count indictment with conspiring to make interstate threats and with conspiring to witness tamper. (ECF No. 1.) Ms. Hakim was arrested in this case on June 10, 2026, and was released on bond two days later, with a GPS tether and condition of home confinement. (ECF No 91.) No other person charged in this case has a bond condition of home confinement.

Ms. Hakim now asks the Court to modify her GPS tether condition to curfew restrictions. Such a modification would both streamline supervision by pretrial services and allow Ms. Hakim to better fulfill her obligations to family, work, and in community. In support of this request, she provides the attached Memorandum.

Pursuant to Local Rule 7.1(a), defense counsel sought the government's concurrence in this request. The government does not concur.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

*s/ Amanda N. Bashi*
Amanda N. Bashi
Assistant Federal Defender
Attorney for Zainab Hakim
613 Abbott Street, Suite 500
Detroit, Michigan 48226

Dated: August 12, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No.: 26-cr-20306-1

v.

Hon. Judith E. Levy

Zainab Hakim,

Defendant.

---

## MEMORANDUM IN SUPPORT OF MOTION TO MODIFY CONDITIONS OF RELEASE

---

Zainab Hakim is charged in a ten-count indictment with conspiring to make interstate threats and with conspiring to witness tamper. (ECF No. 1.) Ms. Hakim was arrested in this case on June 10, 2026. At the conclusion of a lengthy detention hearing, the Honorable Anthony Patti, Magistrate Judge, released Ms. Hakim with a condition of home confinement under a GPS tether. (ECF No 91.) The conditions restrict Ms. Hakim to her residence, with the following exceptions: employment, education, religious services, medical/substance use/mental health treatment, attorney meetings, court appearances, court-ordered obligations, and any essential activities approved in advance by the court or pretrial services office or supervising officer. (Id. at PageID.368.)

Every other individual charged in this case was also released on bond, but only Ms. Hakim was restricted to home confinement – the most stringent of pretrial release

conditions. On the other hand, the pretrial services officer who prepared the report prior to Ms. Hakim's hearing recommended a condition of GPS tether with "stand-alone monitoring" – less, even, than a curfew tether – as a sufficient condition to mitigate any risks of flight or danger.

Since her release on June 12, 2026, Ms. Hakim has demonstrated that pretrial services' original assessment was correct. She has followed every condition and instruction. There have been no violations or concerns. She has developed a good rapport with her supervising pretrial officer and asks for timely permission to attend work, religious events, and appointments with her attorney. After 60 days of compliance with these conditions, Ms. Hakim now seeks to modify the condition of home confinement to one of curfew.

Ms. Hakim's supervising officer has indicated pretrial services does not object to a curfew restriction. The modification would streamline the administration of her pretrial monitoring as each of Ms. Hakim's numerous legitimate commitments (employment, religious, and legal) requires a separate permission request to her supervising pretrial officer. Her supervising officer must individually review and approve each of those requests.

Meanwhile, on a curfew tether, Ms. Hakim would still be constantly monitored by GPS. She would also still be required to remain in her residence during set hours, but would be able to attend her permissible commitments without individual requests to and approval from pretrial services.

Ms. Hakim's flawless performance on bond thus far indicates she will continue to abide by all release conditions. Indeed, as was noted by Magistrate Judge Patti during her initial bond hearing, Ms. Hakim was behaving lawfully even *prior* to her arrest in this case during the more than 14-intervening months between the execution of search warrants at her residence and the residences of others on the indictment. At that time Ms. Hakim was under no court/community supervision, bond, or other order requiring such compliance.

Congress conferred upon district courts broad authority to "at any time" amend the conditions of release. 18 U.S.C. § 3142(c)(3). This provision reflects the nature of pretrial release conditions; some are not meant to be permanent when more current information indicates they can be revisited and adjusted to best accomplish the goals of the Bail Reform Act. Here, Ms. Hakim's track record of compliance, firm desire to work and maintain employment, family support, and consistent and open communication with pretrial services all weigh in favor of a modification.

This Court may review the previous bond conditions *de novo*. *United States v. Pancholi*, No. CR 19-20639, 2022 WL 4594595, at *1 (E.D. Mich. Sept. 30, 2022) ("District judges review a magistrate judge's pretrial order under a de novo standard.") (citing cases). Moreover, the Bail Reform Act requires courts to impose only the "least restrictive further condition, or combination of conditions" to assure community safety and appearance of the accused as required. For the above reasons, home confinement

is no longer the least restrictive means available to achieve those goals. The Court should modify Ms. Hakim's pretrial release to a curfew restriction.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

*s/ Amanda N. Bashi*
Amanda N. Bashi
Assistant Federal Defender
Attorney for Zainab Hakim
613 Abbott Street, Suite 500
Detroit, Michigan 48226

Dated: August 12, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No.: 26-cr-20306-1

v.

Hon. Judith E. Levy

Zainab Hakim,

Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, I filed the foregoing document electronically with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

s/Amanda N. Bashi