UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

D-5 Jonathan Hongru Zou,
Defendant.

Case No. 26-20306

Hon. Judith E. Levy

---

**United States' Response and Brief in Opposition to D-5 Jonathan Zou's Motion to Modify Conditions of Release (ECF No. 121, PageID.601)**

---

For the reasons stated in the attached brief, the Court should deny the defendant's motion.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: August 17, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

D-5 Jonathan Hongru Zou,
Defendant.

Case No. 26-20306

Hon. Judith E. Levy

---

**United States' Brief in Opposition to D-5 Jonathan Zou's Motion to Modify Conditions of Release (ECF No. 121, PageID.601)**

---

Jonathan Zou has been on GPS location monitoring with a curfew for only two months. He now seeks to remove this condition, relying on pretrial service's original recommendation, which the magistrate judge rejected. Zou misstates the standard to reopen his hearing. He presents no new information to justify reopening the hearing. And his individualized facts warrant continued GPS monitoring with a curfew. This Court should deny his motion.

## Facts and Procedural History

Zou actively participated in long-running conspiracies to threaten administrators, elected officials, and business owners who—at least in the defendants' minds—had financial ties to the State of Israel. Zou's conduct is outlined in the indictment (ECF No. 1), as well as the government's brief in favor of detention (ECF No. 42), incorporated here in this briefing. Of note, Zou helped to plan and carry out attacks on family homes and the Jewish Federation of Metropolitan Detroit on the one-year anniversary of the October 7 attacks by Hamas. Zou and other defendants conspired to commit these crimes while no one was looking, in the cover of night, with hoods and masks. The clandestine and intentional nature of the acts, combined with their added threats on social media, made the attacks all the more threatening and dangerous to this community.

Arrested on June 10, 2026, the magistrate judge held Zou's detention hearing two days later. After lengthy argument from both sides, the court ordered Zou released, but with certain conditions, including a GPS tether with a curfew. (ECF No.80, PageID.336-37). Zou now seeks to remove his curfew condition, though he provides no new,

material information to reopen his bond hearing to modify his conditions. Based on these facts and the law, the Court should deny his motion.

**Argument**

18 U.S.C. 3142(f) controls this Court's review of Zou's motion to modify his bond conditions. A bond hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Zou asks that the Court modify his terms of pretrial release under 18 U.S.C. § 3142(c)(3). (ECF No. 121, PageID.601, 606.) But § 3142(c)(3) does not allow for boundless judicial review. Section 3142(f)(2) is the gatekeeping requirement to modify conditions under § 3142(c)(3). *See, e.g.*, *United States v. Brannon*, Case No. 25-20560, 2026 WL 661964 (E.D. Mich. March 9, 2026) (Berg, J.) ("[C]ourts have routinely held that a motion to modify conditions of pretrial release amounts to a motion to reopen the detention hearing[.]") (citing *United States v. Ebonka*, 733 F.Supp. 3d 967, 969 (D. Nev. 2024) (collecting cases)); *United States v.*

*Mays*, Case No. 23-20521, 2024 WL 2863246 (E.D. Mich. June 6, 2024) (Goldsmith, J.) ("To demonstrate that an amendment to his or her bond conditions is merited, the defendant must comply with 18 U.S.C. § 3142(f)(2)'s requirement."); *United States v. Buford*, Case No. 24-20250, 2024 WL 3262602 (E.D. Mich. July 1, 2024) (Parker, J.) (applying *Mays*). Otherwise, § 3142(f)(2) becomes meaningless, and a defendant "could file endless petitions to modify his conditions." *United States v. Ross*, Case No. 33-128, 2024 WL 1890087 (E.D. Tenn. April 30, 2024) (*citing United States v. Peguero*, Case No. 21-10, 2021 WL 4811315 (W.D. Ky. Oct. 14, 2021), (collecting cases)).

Zou must show two things before this Court can amend his conditions under § 3142(c)(3): (1) new information that was not known to Zou at the time of the hearing and; (2) that has a material bearing on the issue of flight and dangerousness. *See United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (discussing requirements). He has done neither.

Zou first points to pretrial service's initial recommendation, which is not new information. (ECF No. 121: Def.'s Mot., PageID.604). Zou also claims that "streamlining electronic monitoring" would allow him to

attend classes at the University of Michigan and work. (*Id.*). Again, this isn't new information. And if anything, the start of the school year *increases* Zou's risk of flight and danger to the community. As noted in the indictment and the government's detention brief (ECF No. 42), Zou and his conspirators have a history of illegal and aggressive conduct. They attacked family homes, businesses, and a Jewish association on the one-year anniversary of the October 7 attack by Hamas. They also conspired to widely circulate their criminal activity on social media, spreading fear and intimidation among their victims and the public at large. They committed these attacks at night with masks and hoods to avoid detection.

For these reasons, the GPS and curfew conditions are still necessary. Further, in 2024, Zou received a campus ban for his behavior during a campus protest. But he ignored it. Instead, he disguised himself as a Muslim woman to avoid being seen. Zou's conspirators repeatedly discussed and joked about how frequently their comrades—including Zou—violated University of Michigan campus bans. When University police arrested Zou for an incident on campus, a conspirator stated that Zou was their "strongest soldier."

And in February 2026, Zou and two others barged into a lecture hall without authorization and disrupted the lecture by reading a statement regarding the Michigan Israeli Partnership group's affiliation with the University of Michigan and how they are "complicit in genocide." He followed up with an email to the lecturing professor, nothing that he and others found it "deeply disturbing that our professor is tied with an ongoing genocide and the commitment of atrocities." *See United States v. Wagner*, Case No. 26-1294, --- F.4th ----, 2026 WL 2333589 (6th Cir. August 12, 2026) (holding that as a legal matter, courts "may consider as evidence of dangerousness a defendant's statements indicating a violent intent" even if unrelated to the charged offenses (internal citations omitted)).

Zou is also an ardent supporter of Hamas—a designated foreign terrorist organization. He subscribes to multiple terrorist newsgroups on Telegram and Signal, receiving almost a constant flow of American and Jewish hate.

Zou also has extensive international ties. In 2024, he flew to Taiwan. He continued his international travels, with his phone indicating he went to Wuhan, China. Three months later, he boarded a

plane in Istanbul, Turkey, and flew to Detroit. In 2025, he traveled to Korea, but returned home about a month later through Xiamen, China. His parents live in China, and he has no family ties in this district except for one brother.

Zou has repeatedly ignored law enforcement, consistent with his deeply held position that police are to be resisted and thwarted because they are part of the fascist regime. When officers arrived at Zou's house to arrest him on June 10, 2026, he refused to come to the door. Officers ordered him to open the door at least six times, with no response. Law enforcement had to breach the door to enter, and officers ordered Zou numerous times by name before he decided to come out of hiding from within the apartment.

Zou presents no basis for this Court to reopen his bond hearing. His current conditions allow him to attend school and work. (ECF No. 80). No new evidence has been presented to justify reopening his bond hearing or revoking this reasonable condition. Indeed, Zou does not even attempt to identify any new evidence—let alone new evidence that has a material bearing on his dangerousness and flight risk.

Zou also fails to explain why this condition is no longer necessary. He is under a curfew, preventing him from roaming the Eastern District of Michigan at night without prior permission—the exact times and circumstances that he attacked, threatened, and intimidated the victims in this case. Given Zou's history, the pretrial release condition of a GPS tether with a curfew is warranted.

## Conclusion

The defendant's motion should be denied.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: August 17, 2026

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Arthur Weiss,
Attorney for Jonathan Zou