UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff — Honorable Judith E Levy

-vs-

D-5 JONATHAN HONGRU ZOU, — Case No 5:26-cr-20306

Defendant

______________________________/

REPLY TO UNITED STATES' RESPONSE TO MOTION
TO MODIFY CONDITIONS OF RELEASE [ECF No 132 Page ID 663]

I. RELITIGATION OF DETENTION HEARING

The government acknowledges the Magistrate Judge denied their request for detention and released JONATHAN HONGRU ZOU "with certain conditions" [ECF No 132 Page ID 665]. Significantly, they articulate *no* problems; *no* issues; and *no* compliance complaints *since* Mr Zou has been enlarged on bond.

If they truly believed this decision [ECF No 80 Page ID 336] was erroneous, the government could have submitted "a motion for revocation of th[is] order…of release," 18 USC § 3145 (a)(1). But they did not. Accordingly, their attempt to *sub silentio* revisit and regurgitate the *same* arguments *previously*

proffered for detention[1] [ECF No 132 Page ID 665, 668-669] should be summarily rejected as either waived or forfeited, *see generally, Swanigan v FCA US LLC,* 938 F 3d 779, 786 (6th Cir 2019); *Mayhew v Allsup,* 166 F 3d 821, 823 (6th Cir 1999).

## II. MODIFICATION OF CONDITIONS

### A. Standard

We acknowledge "[t]he Bail Reform Act allows both defendants and the Government to file motions to amend conditions of the defendant's pretrial release. 18 U.S.C. § 3145(a)." *United States v Bartlett,* 731 F Supp 3d 836, 850 (ED Mich 2024). Additionally, we are cognizant this enactment "is silent on the applicable standard of review," *Id* at 850.

---

[1] For example, the government outlines Mr Zou's "international travels" [ECF No 132 Page ID 669-670]. This was "discussed" during the initial detention hearing, with your Defendant proffering the travel was for purposes of visiting his parents in China and the additional "stops" [ECF No 132 Page ID 669-670] were incidental to these trips. We also note his travel documentation was promptly surrendered to Pretrial Services.

Similarly, the "2024…campus ban" [ECF No 132 Page ID 668] was temporary and expired without incident. Not only was this topic advanced during the initial detention hearing, but we additionally proffered subsequent thereto, the University conducted a background check of Mr Zou and thereafter allowed him to instruct a summer class of high school students.

In response to the alleged "disruption" of classes [ECF No 132 Page ID 669], it is the writer's recollection one professor personally appeared in Court supporting Mr Zou, while another wrote a glowing letter, all of which was analyzed by the attending Magistrate Judge.

The government would have this Court superimpose upon this statute a prerequisite Congress did not mandate, *inter alia,* "new information that was not known to Zou at the time of the [initial detention] hearing…." [ECF No 132 Page ID 667]. Yet, they fail to cite any *published* Sixth Circuit jurisprudence *mandating* such a requirement.

We note their reference to *United States v Watson*, 475 Fed Appx 598 (6th Cir 2012) [ECF No 132 Page ID 667]. Initially, we respectfully assert, *Watson* dealt with when "a detention hearing may be *reopened,*" *Id* at 599-600 (emphasis added), which *neither* party has requested in these premises, 18 USC § 3145 (a)(1). Additionally, *Watson* is unpublished and does not constitute *binding* authority, s*ee e g, In re Blasingame*, 986 F 3d 633, 637 n 2 (6th Cir 2021).

More substantively, we note the government contends 18 USC § 3142 (f)(2) "controls" [ECF No 132 Page ID 666]. Clearly, this enactment provides a detention hearing "may be *reopened*," 18 USC § 3142 (f)(2) (emphasis added), when "the judicial officer finds that information exists that was not known to the movant at the time of the hearing…," 18 USC § 3142 (f)(2). Nonetheless, it is significant neither party moved to "reopen" the detention hearing.

Respectfully, it is our position the applicable standard of review when amending release conditions is *de novo.*

> Although the text of the Bail Reform Act is silent on the applicable standard of review, this Court routinely conducts *de novo* review rather

than reviewing a Magistrate's detention decision solely for clear error. *See, e g, United States v Koubriti*, No. 01-CR-80778, 2001 WL 1525270, at *5 (E D Mich Oct 16, 2001) ("District courts within the Sixth Circuit appear to adhere to a requirement of *de novo* review."); *United States v Hazley*, No CR 22-20612, 2023 WL 2711564, at *2 (ED Mich Mar 30, 2023); *United States v Haywood*, No CR 22-20417, 2023 WL 2465556, at *1 (ED Mich. Mar 10, 2023); *United States v Didani*, No. 21-20264, 2022 WL 2794284, at *2 (ED Mich July 15, 2022); *United States v Gray*, No 21-CR-20516, 2021 WL 5114574, at *1 (ED Mich Nov 3, 2021). *United States v Bartlett, supra,* 731 F Supp 3d at 850.

## B. New Information

Even assuming, *arguendo*, the applicability of 18 USC § 3142 (f)(2) at bar, we respectfully proffer this *new* information; *to wit:*

- Mr Zou's classes for this fall's semester are *new* and obviously mandate *new* logistics and requirements.
- Mr Zou's "employment"[2] with the University of Michigan is *new* and also possesses its own *new* logistics and requirements.
- Without wishing to be presumptuous and speaking for Pretrial Services, it is this writer's understanding these *new* facets of Mr Zou's life warrant the requested release modification.

[2] This "position" is a non-paid laboratory position at a University of Michigan lab.

## RELIEF REQUESTED

WHEREFORE, the Defendant, JONATHAN HONGRU ZOU, respectfully prays this Honorable Court Modify his Conditions of Release.

Respectfully submitted,

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS (P 25225)
Attorney for Defendant ZOU
30445 Northwestern Highway
Suite 225
Farmington Hills, Michigan 48334-3158
(248) 855-5888
arthurweiss@ajweisslaw.com

Dated: August 19, 2026.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff Honorable Judith E Levy

-vs-

D-5 JONATHAN HONGRU ZOU, Case No 5:26-cr-20306

Defendant
_______________________________________/

CERTIFICATE OF SERVICE

ARTHUR JAY WEISS, counsel of record for JONATHAN HONGRU ZOU, a Defendant in the above-entitled matter, hereby Certifies that on the 19th day of August 2026 he served all counsel of record with a copy of Reply to United States' Response Motion to Modify Conditions of Release [ECF No 132 Page ID 663] and Certificate of Service relative to the above-entitled matter by electronic means.

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS