UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff                Honorable Judith E Levy

-vs-

D-5 JONATHAN HONGRU ZOU,                Case No 5:26-cr-20306

Defendant
_______________________________________/

RESPONSE TO THE UNITED STATES'
MOTION FOR PROTECTIVE ORDER [ECF No 118 Page ID 557]

NOW COMES the Defendant, JONATHAN HONGRU ZOU, by his attorney, ARTHUR JAY WEISS, and for the reason set forth in the attached Brief in Support of Response to the United States' Motion for Protective Order, respectfully prays this Honorable Court Deny the Relief requested by the government.

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS (P 25225)
Attorney for Defendant ZOU
30445 Northwestern Highway
Suite 225
Farmington Hills, Michigan 48334-3158
(248) 855-5888
arthurweiss@ajweisslaw.com

Dated: August 24, 2026.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff Honorable Judith E Levy

-vs-

D-5 JONATHAN HONGRU ZOU, Case No 5:26-cr-20306

Defendant
_______________________________________/

BRIEF IN SUPPORT OF
RESPONSE TO THE UNITED STATES'
MOTION FOR PROTECTIVE ORDER [ECF No 118 Page ID 557]

## I. INTRODUCTION

The Defendant, JONATHAN HONGRU ZOU, is one (1) of eight (8) defendants charged in three (3) counts of a ten (10) count indictment with conspiracy to transmit threats in interstate and foreign commerce, 18 USC §§ 371; 875 (c) [ECF No 1 Page ID 91].

This writer is informed and verily believes the government in this matter possesses approximately eleven (11) terabytes of discovery materials. We respectfully concur with the government's assessment "discovery in this case is voluminous" [ECF No 118 Page ID 557 ¶ 1].

The government desires a Protective Order which apparently "governs *only* 'Sensitive Materials'" [ECF No 118-1 Page ID 587 ¶ 1 (emphasis added)]. While they proffer some *categories* of "Sensitive Materials,"[1] unfortunately, they provide no precise definition or limitation on what they purport constitutes "Sensitive Materials." Essentially, their proposal is all encompassing, without constraint and, if sustained by this Court, would confer upon them total, absolute and unfettered discretion to designate the *entirety* of their disclosure as "sensitive."

We respectfully object.

## II. ENTITLEMENT

Near the commencement of their pleadings, the government cavalierly proclaims "there is 'no general right to discovery'" [ECF No 118 Page ID 563 (citation omitted)]. From our perspective, it appears they are of the belief whatever we receive is due to their largess and grace.

Yet, such a proposition not only obliterates the inviolate constitutional foundation upon which discovery in criminal prosecutions is predicated, *see*

[1] "Sensitive Materials, *include but are not limited to*: materials containing electronic evidence obtained in this case, including social media accounts, iCloud accounts, email accounts, cell phone extractions; electronic surveillance warrants and their results; financial records; victim and third-party identifying and personal information; and federal search warrants." [ECF No 118-1 Page ID 587 ¶ 1 (emphasis added)].

*generally, Brady v Maryland,* 373 US 83, 87-88, 83 S Ct 1194, 10 L Ed 2d 215 (1963); *accord: Giglio v United States*, 405 US 150, 153-154, 92 S Ct 763, 31 L Ed 2d 104 (1972),[2] but also ignores the government's obligations as delineated in Rule 16 (a) of the Federal Rules of Criminal Procedure.

## III. NECESSITY

### A.

The government alleges "[t]he files…contain extraordinarily sensitive and private information" [ECF No 118 Page ID 561]. They further assert "[t]he parties agree that personal identifying information (PII) must be protected...[and] the personal information of the victims is subject to protection." These contentions are not contested.

Significantly, however, the government does *not* represent *each* and *every* document, file and digital electronic recording encompassing the "voluminous" discovery [ECF No 118 Page ID 561] contains "sensitive and private information."

---

[2] "[I]n a criminal case, a defendant has a right to discovery. The Government is constitutionally required to provide the defendant with the materials mandated by *Brady v Maryland*, 373 US 83 (1963) and *Giglio v United States*, 405 U.S. 150 (1972)," *United States v Brittingham*, 2022 WL 3006849 * 1 (WD Va 2022).

While they generalize vast *categories* of potential discovery materials,[3] the government does not contend each such category and each such document, file and digital electronic recording within these various categories are permeated by "sensitive and private information." Yet, their proposed Protective Order [ECF No 118-1 Page ID 586-596] encapsulates absolutely *no* demarcation between discovery which encompasses "sensitive and private information," and which does not.

Although the government superficially alleges "difficulty in reviewing and applying enormous numbers of redactions" [ECF No 118 Page ID 565], they provide no explanation why various computer-based-programs[4] cannot be utilized to streamline the redaction process.

---

[3] *See* footnote 1, *supra.*

[4] A simplistic, readily-available software search identified several techniques designed to facilitate data review and potential redaction, *see e g*, Adobe Acrobat Pro, Relativity, Everlaw, DISCO, Reveal, Logikcull, CaseGuard, FOIAXpress, Veritone Redact, Intelligent Redaction, AWS Macie, Google Cloud Sensitive Data Protection, Microsoft Purview and Nitro PDF Pro.

B.

In an attempt to secure their virtually unbounded Protective Order, the government proffers a number of rationales [ECF No 118 Page ID 578-581]. *Query* their accuracy or utility.

They allege, for example, "upon release on bond, *Defendants* have continued to engage with third parties that were involved in this intimidation campaign, including with several unindicted co-conspirators" [[ECF No 118 Page ID 579 (emphasis added)].

As attorneys we are acutely cognizant "words have meaning," *see, Clover v Board of Cnty Comm'rs of Douglas Cnty,* 2022 WL 522960 *4 (D Kan 2022); *United States v Scrushy,* 2006 WL 780905 *3 (MD Ala 2006). The government intentionally utilized the term "Defendants" [ECF No 118 Page ID 579]. *Plural*. Presumably their desire was to ensnare *all* Defendants under this umbrella.

*If*, in fact, JONATHAN HONGRU ZOU engaged in such activities, most assuredly the same would constitute bond violations [ECF No 80 Page ID 335 ¶ (7)(h)]. Yet, during a proceeding before this Court on or about August 20, 2026, it was unequivocally represented your Defendant had not engaged in any problematic conduct whatsoever!

Moreover, the government contends "at virtually every court hearing to date, supporters, including those known conspirators, picketed the courthouse…."

[ECF No 118 Page ID 579]. Initially, we note they do not assert Mr Zou participated and/or encouraged this activity. Secondly, they fail to recognize such conduct is constitutionally protected, *see generally, Picard v Magliano*, 42 F 4th 89, 101-107 (2d Cir 2022). Tertiarily, the prosecution does not demonstrate any rationale how these events warrant the relief requested in these premises.

Furthermore, they assert "social media sites continue to post and circulate detailed information and misinformation about this criminal case" [ECF No 118 Page ID 579]. Again, we note they do not assert Mr Zou participated and/or encouraged this activity. Secondly, they fail to recognize such activity is also constitutionally protected, *see generally, Moody v Netchoice, LLC,* 603 US 707, 716-719, 144 S Ct 2383, 219 L Ed 2d 1075 (2024). Lastly, the prosecution does not demonstrate any correlation how these events warrant the relief requested in these premises.

## IV. BLANKET PROTECTIVE ORDER

We do not dispute the operative affect of Rule 16 (d) (1) of the Federal Rules of Criminal Procedure. Similarly, the burden to demonstrate the requisite "good cause" resides solely and exclusively with the government, *see, Acosta v Heritage*, 332 FRD 347, 349 (D Haw 2019 (citation omitted)); United States ex rel Rille v Accenture LLP, 2008 WL 5188814 *1 (ED Ark 2008) (footnote omitted).

> Courts may issue protective orders “for good cause” under Rule 16 of the Federal Rules of Criminal Procedure….[A] party wishing to obtain an order of protection over discovery material must demonstrate that ‘good cause’ exists for the order of protection”) (quoting Fed R Civ P 26(c)). *“Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. United States v Wecht*, 484 F 3d 194, 211 (3d Cir 2007) (emphasis added) (citations omitted).

Because “the burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order,” *Id* at 211 (citation omitted), it is evident the government’s generalities and equivocations do not satisfy the requisite “good cause” in these premises, *Id*. *Query*, then, the legitimacy of the government’s “broad allegations…unsubstantiated by specific examples of articulated reasoning…,” *United States v Wecht, supra*, 484 F 3d at 211 (citations omitted).

Aside from generalizations untethered to the specifics of the relief they request [ECF No 118 Page ID 568-569], the government fails to provide the requisite justification to embrace approximately eleven (11) terabytes of material into a Protective Order [ECF No 118-1 Page ID 586-596].

> Good cause remains the standard even where, as here, the parties agreed to the terms of the protective order. *See United States v Luchko,* Crim No 06–319, 2006 WL 3060985, at *3 (ED Pa Oct. 27, 2006) (“good cause must exist” to allow “a protective order ... even where parties consent to a stipulated protective order”) (citing *Glenmede Trust C. v Thompson,* 56 F 3d 476, 481 (3rd Cir 1995)). Good cause also requires a particularized, specific showing. *See United States v Wecht,* 484 F 3d 194, 211 (3rd Cir

2007) ("'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing'") (quoting *Pansy v Borough of Stroudsburg,* 23 F 3d 772, 786 (3rd Cir 1994)); *see also Anderson v Cryovac, Inc,* 805 F 2d at 7 ("finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements") (collecting authority). *United States v Bulger*, 283 FRD 46, 52 (D Mass 2012); *see also*, *United States v Johnson,* 314 F Supp 3d 248, 251 (D DC 2018); *United States v Lewis*, 2016 WL 778361 *1 (D Mass 2016).

In essence, the government's proposal [ECF No 118-1 Page ID 586-596] constitutes a "blanket" Protective Order, which "extend[s] broad protection to all documents produced by [a party], *without a showing of good cause* for confidentiality as to any individual documents," *Public Citizen v Liggett Group, Inc,* 858 F 2d 775, 790 (1st Cir 1988) (emphasis added); *accord; Kyles v JK Guardian Sec Services,* 2006 WL 2349238 *4 (ND Ill 2006).

In light of the foregoing, we respectfully Object to the government's "blanket" proposal essentially encompassing eleven (11) terabytes of information, *see, e g, United States ex rel Rille v Accenture LLP, supra*, 2008 WL 5188814 at *1 ("It seems to me that blanket labeling 400,000 plus pages as Protected Material does not meet the standards of good faith…and is not in keeping with the law").[5]

[5] The government does not differentiate between your Defendant's electronic devices and those of his co-defendants [ECF No 118 Page ID 566]. Yet in *United States v Torres*, 2026 WL 948214 *3 (SD NY 2026), "[t]he Court s[aw] no reason why Ramirez himself should be restricted from disclosing information extracted from his own cellphone."

With due respect, "the government has not made…[a sufficient showing]" in these premises, *United States v Johnson, supra,* 314 F Supp 3d at 353. Consequently, they are not entitled to the type and breadth of the Protective Order [ECF No 118-1 Page ID 586-596] requested, *see, United States v Brittingham*, *supra*, 2022 WL 3006849 at *2, as the "current form is overbroad," *United States v Torres*, *supra,* 2026 WL 948214 at *1 (citation omitted); *see also*, *United States v Hall,* 424 F Supp 508, 520 (WD Okl 1975), *aff'd* 536 F 2d 313 (10th Cir 1976), *cert denied*, 429 US 919, 97 S Ct 313, 50 L Ed 2d 285 (1976).

RELIEF REQUESTED

WHEREFORE, the Defendant, JONATHAN HONGRU ZOU, respectfully prays this Honorable Court Deny the Relief requested by the government.

Respectfully submitted,

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS (P 25225)
Attorney for Defendant ZOU
30445 Northwestern Highway
Suite 225
Farmington Hills, Michigan 48334-3158
(248) 855-5888
arthurweiss@ajweisslaw.com

Dated: August 24, 2026.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff

Honorable Judith E Levy

-vs-

D-5 JONATHAN HONGRU ZOU,

Case No 5:26-cr-20306

Defendant

_______________________________________/

CERTIFICATE OF SERVICE

ARTHUR JAY WEISS, counsel of record for JONATHAN HONGRU ZOU, a Defendant in the above-entitled matter, hereby Certifies that on the 24th day of August 2026 he served all counsel of record with a copy of Response to the United States' Motion for Protective Order [ECF No 118 Page ID 557] and Brief in Support of Response to the United States' Motion for Protective Order [ECF No 118 Page ID 557] and Certificate of Service relative to the above-entitled matter by electronic means.

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS