UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

D-1 Zainab Alsigar Hakim,
Defendant.

Case No. 26-20306

Hon. Judith E. Levy

---

**United States' Response and Brief in Opposition to D-1 Zainab Hakim's Motion to Modify Conditions of Release**
**(ECF No. 128, PageID.628)**

---

For the reasons stated in the attached brief, the Court should deny the defendant's motion.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

_s/ Margaret M. Smith_
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: August 26, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

D-1 Zainab Alisgar Hakim,
Defendant.

Case No. 26-20306

Hon. Judith E. Levy

---

**United States' Brief in Opposition to D-1 Zainab Hakim's Motion to Modify Conditions of Release (ECF No. 128, PageID.628)**

---

Zainab Hakim has been on home detention for only two months. She now seeks to remove this condition, arguing that her compliance so far should merit the decrease in conditions. Hakim misstates the standard to reopen his hearing. She presents no new information to justify reopening the hearing. And her individualized facts warrant continued home detention. This Court should deny her motion.

## Facts and Procedural History

Zainab Hakim orchestrated several long-running conspiracies to threaten administrators, elected officials, and business owners who—at least in the defendants' minds—had financial ties to the State of Israel. Her conduct is outlined in the indictment (ECF No. 1), as well as the government's brief in favor of detention (ECF No. 42), incorporated here in this briefing. Of note, Hakim helped to plan and carry out attacks on family homes and the Jewish Federation of Metropolitan Detroit on the one-year anniversary of the October 7 attacks by Hamas. She and other defendants conspired to commit these crimes while no one was looking, in the cover of night, with hoods and masks. The clandestine and intentional nature of the acts, combined with their added threats on social media, made the attacks all the more threatening and dangerous to this community.

Hakim was arrested on June 10, 2026, and the magistrate judge held Hakim's detention hearing two days later. After lengthy argument from both sides, the court ordered home detention, with exceptions for a number of things, including work, school, church, doctor visits, lawyer visits, and other essential activities. (ECF No. 91, PageID.368-69).

Hakim now seeks to be allowed additional conveniences, though she provides no new, material information to reopen her bond hearing to modify her conditions. Based on these facts and the law, the Court should deny his motion.

## Argument

Title 18 U.S.C. 3142(f) controls this Court's review of Hakim's motion to modify her bond conditions. A bond hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Hakim asks that the Court modify her terms of pretrial release under 18 U.S.C. § 3142(c)(3). (ECF No. 128, PageID.632.) But § 3142(c)(3) does not allow for boundless judicial review. Section 3142(f)(2) is the gatekeeping requirement to modify conditions under § 3142(c)(3). As Judge Berg explained in *United States v. Brannon*, Case No. 25-20560, 2026 WL 661964 (E.D. Mich. March 9, 2026), "courts have *routinely held* that a motion to modify conditions of pretrial release amounts to a motion

to reopen the detention hearing[.]" (emphasis added) (citing *United States v. Ebonka*, 733 F.Supp. 3d 967, 969 (D. Nev. 2024) (collecting cases)); *see also United States v. Mays*, Case No. 23-20521, 2024 WL 2863246 (E.D. Mich. June 6, 2024) (Goldsmith, J.) ("To demonstrate that an amendment to his or her bond conditions is merited, the defendant must comply with 18 U.S.C. § 3142(f)(2)'s requirement."); *United States v. Buford*, Case No. 24-20250, 2024 WL 3262602 (E.D. Mich. July 1, 2024) (Parker, J.) (applying *Mays*). This is the widely adopted position of courts in this district, and for good reason. Otherwise, § 3142(f)(2) becomes meaningless, and a defendant "could file endless petitions to modify his conditions." *United States v. Ross*, Case No. 33-128, 2024 WL 1890087 (E.D. Tenn. April 30, 2024) (*citing United States v. Peguero*, Case No. 21-10, 2021 WL 4811315 (W.D. Ky. Oct. 14, 2021), (collecting cases)).

Of course, a defendant can seek to amend her bond conditions without new evidence, but there is completely separate and specifically designed procedure for that: a motion to appeal bond conditions under 18 U.S.C. § 3145(a). *See Fernandez v. United States*, 146 S. Ct. 1292, 1301 (2026) (explaining that statutes cannot be interpreted to allow parties to "circumvent" and "frustrate" explicit and established statutory processes

(collecting caselaw)). Hakim did not file a motion under § 3145(a), and therefore, she must comply with the established procedural rules for reopening a detention hearing under § 3142(f)(2).

Therefore, Hakim must show two things before this Court can amend her conditions under § 3142(c)(3): (1) new information that was not known to Hakim at the time of the hearing and; (2) that has a material bearing on the issue of flight and dangerousness. *See United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (discussing requirements). She has done neither.

Hakim first points to pretrial service's initial assessment. (Defendant's Motion, ECF No. 128, PageID.631). Hakim also claims that "streamlining electronic monitoring" would be easier for pretrial service officers. (*Id.*). But this is not new information. And making pretrial service's job less burdensome is certainly not a basis to put the community at risk by loosening her bond conditions. If anything, the start of the school year *increases* Hakim's risk of flight and danger to the community. As noted in the indictment and the government's detention brief (ECF No. 42), Hakim and her conspirators have a history of illegal and aggressive conduct. They attacked family homes, businesses, and a

Jewish association on the one-year anniversary of the October 7 attack by Hamas. They also conspired to widely circulate their criminal activity on social media, spreading fear and intimidation among their victims and the public at large. They committed these attacks at night with masks and hoods to avoid detection. Zainab Hakim led the charge. She used her family home to store supplies and plan attacks. She used her family car to transport herself and others to commit self-described illegal "red actions" against their perceived enemies, i.e., "Zionists." Her leadership role is precisely why the magistrate judge ordered home detention. It is exactly why she should not be free to roam the Eastern District at any time of day or night.

For these reasons, the current conditions are still necessary.

Zainab Hakim acted as the ringleader for the "movement." According to her, "divestment is def [definitely] the goal but in the sense that it brings about revolutionary change and more activism / it's a means as much as an end." (June 5, 2024). She expressed concern that their actions would have only a limited impact on divestment and possible "overthrow and revolution," referring to modern Western governments. At another point, she created a public chant that stated, in part, "Listen

to Hamas and Yemen / your time for dancing's finally ended!," referring to the Nova Music festival massacre on October 7, where hundreds of young Israelis, Americans, and Jews were raped and murdered.

Zainab Hakim was heavily involved in drafting statements and organizing individuals for actions. Her Signal chats demonstrate that she participated and managed posts for @tahrirumich Instagram and Twitter/X site.

She recruited others to participate. Paige Feyock called her a "mafia boss." She expressed Hamas support in a variety of ways. For example, she wrote chants for the group such as: "al Qassam make us proud / force another settler out / IOF burn in hell / gaza called, yemen answered / all Israeli ships are cancelled," and "al Qassam free the skies / make the Zionist settlers cry." To be clear, Hakim enjoys a First Amendment right to say what she wants. But there is no way to interpret chants like this except as direct support for Hamas (the Al-Qassam brigade is Hamas' military arm) to mass murder Israelis.

Anyone that stands in Zainab Hakim's way appears to become a target. For example, the conspirators butted heads with the then-President of the student body regarding divestment initiatives. Hakim

asked her conspirators about "how to ruin his life in the long run." The group then began to "stalk" the individual to identify his car, his house, and his family's house for future "actions."

Significantly, a grand jury has indicted Hakim for witness intimidation. She has already demonstrated that she will interfere with the law to get the results she seeks.

Hakim presents no basis for this Court to reopen her bond hearing. Her current conditions allow her great latitude to attend to her daily life. No new evidence has been presented to justify reopening her bond hearing or revoking this reasonable condition. Indeed, Hakim does not even attempt to identify any new evidence—let alone new evidence that has a material bearing on his dangerousness and flight risk.

Hakim also fails to explain why this condition is no longer necessary. She is on house arrest, preventing her from roaming the Eastern District of Michigan at night without prior permission—the exact times and circumstances that she attacked, threatened, and intimidated the victims in this case. Given Hakim's history, the pretrial release conditions are warranted.

## Conclusion

The defendant's motion should be denied.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: August 26, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Amanda Bashi,
Attorney for Zainab Hakim