UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 26-CR-20306
Hon. Judith E. Levy

v.

AMATULLAH HAKIM,

Defendant.
_________________________________/

**MOTION TO MODIFY CONDITIONS OF RELEASE**

Amatullah Hakim is charged with conspiring to make interstate threats and with conspiring to witness tamper. (ECF No. 1.) Ms. Hakim was arrested in this case on July 13, 2026, when she returned to the United States from a summer work-study abroad. She was arranged the next day and was released on conditions of a GPS tether and curfew, as agreed by the parties (ECF No 104).

Ms. Hakim has complied with all the conditions of her release and earned a maximum curfew window. She is about to commence the fall semester at the University of Michigan. She will continue to work two (2) jobs while she pursues her degree. At one place of employment she will occasionally be called to work on short notice, earlier than her curfew currently allows. She will also occasionally have

opportunities to spend weekends at her parents home, a lawful residence under her bond conditions. The nature of the curfew conditions complicates both of these events. For that reason, Ms. Hakim asks the Court to modify her conditions of release to stand-alone GPS tether, removing the curfew requirement, and allowing her to reside/sleep at either her parents' home or her school-term home.

Removal of the curfew condition and allowing her to be present at either her parents' home or her school home are appropriate modifications of her conditions of release because they will allow Ms. Hakim to live a normal life, allow Ms. Hakim to seamlessly attend to school, work, be a part of her family, and reduce the supervision burdens of pretrial services.

Pretrial Services has advised it has no objection to stand-alone tether or allowing Ms. Hakim to be at either home overnight. The government opposes the request to remove the curfew condition.

Respectfully submitted,

s/*William W. Swor*

WILLIAM W. SWOR (P21215)
Attorney for Amatullah Hakim
2450 Guardian Building
500 Griswold Street
Detroit, MI 48226
(313) 967-0200
wwswor@wwnet.net

DATED: August 31, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 26-CR-20306
Hon. Judith E. Levy

v.

AMATULLAH HAKIM,

Defendant.
_________________________________/

**MEMORANDUM IN SUPPORT OF MOTION TO MODIFY CONDITIONS OF RELEASE**

Amatullah Hakim is charged in a ten-count indictment with conspiring to make interstate threats and with conspiring to witness tamper. (ECF No. 1.) Ms. Hakim was arrested in this case on July 13, 2026, as she returned from a summer work-study program abroad. At the arraignment the parties agreed to a pretrial services recommendation that she be released with a condition of GPS tether with a curfew (ECF No 104). The curfew initially set by her supervising pretrial services officer allowed her sufficient time to attend both of her places of employment. The officer has now expanded her curfew to the maximum time allowed under curfew rules.

Ms. Hakim is returning to school and will soon change her primary residence to her school residence in Ann Arbor. Under the conditions of the curfew release order, that will prevent her from spending weekends at her parents' home, where she currently resides, without first obtaining a court order. Further, even with the generous curfew hours her current supervising pretrial officer allows her, the curfew prohibits her from responding to unanticipated scheduling changes/needs at one of her two places of employment, i.e. if she learns at the end of the day that she is needed two hours early the next day, the curfew does not allow her to accept the additional two hours.

Counsel has spoken with Ms. Hakim's current supervising pretrial services officer, Matthew Weiland, and Pretrial Services has no objection to the requested modifications. Ms. Hakim has complied with all the requirements and restrictions of her supervision. She communicates with her current supervising pretrial services officer regularly. Ms. Hakim's current supervising pretrial services officer has already expanded her curfew to the maximum time allowed under the program. Because she is in school and works two jobs, the maximum time allowed under the curfew program is simply not enough.

Pretrial services recognizes the legitimacy of Ms. Hakim's request to be able to sleep at both of her residences without needing to obtain advance permission, and

the fact that stand-alone monitoring is sufficient to ensure her compliance with all bond conditions.

Congress conferred upon district courts broad authority to amend the conditions of release "at any time", *18 U.S.C. § 3142(c)(3)*. This provision reflects the nature of pretrial release conditions, they may be revised and amended as necessary to best accomplish the goals of the Bail Reform Act. This accommodates the overarching recognition of the act that defendants are presumed innocent, *18 USC §3142(j)*. That is why conditions are imposed to address "*the weight of the evidence of dangerousness*, not the weight of the evidence of the defendant's guilt," *United States v Stone*,608 F 3d 939, 948 (6th Cir 2010) (emphasis added).

Ms. Hakim's character and lack of dangerousness is demonstrated by her career focus on public health and the work she did during her recent summer "vacation". In Mumbai, she focused on providing health services in Indian slums, provided weight checks for chronically undernourished populations, searched for signs of tuberculosis in vulnerable populations, monitored community sanitation issues, and refuse dumps. This was not a one-off project. She has previously served internships in community health, social services, domestic violence and public health. Whatever she is accused of doing, she certainly presents no risk of danger to the community.

The Bail Reform Act requires courts to impose only the "least restrictive further condition, or combination of conditions" to assure community safety and appearance of the accused as required. For the above reasons, curfew is no longer the least restrictive means available to achieve those goals. The Court should modify Ms. Hakim's pretrial release to eliminate her curfew and residence restrictions.

WHEREFORE, Amatullah Hakim respectfully requests this Honorable Court Modify her Conditions of Release, remove her curfew in favor of stand-alone GPS monitoring and approve her dual residence.

Respectfully submitted,

s/*William W. Swor*

WILLIAM W. SWOR (P21215)
Attorney for Amatullah Hakim
2450 Guardian Building
500 Griswold Street
Detroit, MI 48226
(313) 967-0200
wwswor@wwnet.net

DATED: August 31, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed the foregoing documents, with the Clerk of the Court using the ECF system, which gives notification to all attorneys of record.

*s/ Michelle Rachmaninow*
Michelle Rachmaninow