UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

v.

D-8 Colin Hunter Weger,

Defendant.

Case No. 26-cr-20306

Hon. Judith E. Levy

---

**United States' Response and Brief in Opposition to D-8 Colin Weger's Motion to Modify Conditions of Release (ECF No. 173, PageID.974)**

---

For the reasons stated in the attached brief, the Court should deny the defendant's motion.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: October 8, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

v.

D-8 Colin Hunter Weger,

Defendant.

Case No. 26-cr-20306

Hon. Judith E. Levy

---

**United States' Brief in Opposition to D-8 Colin Weger's Motion to Amend Conditions of Release (ECF No. 173, PageID.974)**

---

Defendant Colin Weger is an armed anarchist who seeks an amendment to his bond conditions under 18 U.S.C. 3145(a). This Court should deny his motion.

## Facts and Procedural History

Weger actively participated in at least two long-running conspiracies to threaten administrators, elected officials, and business owners who—at least in the defendants' minds—had financial ties to the State of Israel, whom the conspirators labeled "Zionists." Some of his conduct is outlined in the indictment (ECF No. 1), and the government's motion for detention (ECF No. 42), incorporated here in this briefing.

Colin Weger set his sights on the companies that had perceived ties to Isreal, such as Rolls Royce and Maersk. He was eager to participate in actions with the conspirators. Weger was not a University of Michigan student but appears to agree with pro-Hamas conspirators as well as general anarchy, prompting his involvement in the charged conspiracies.

He spent time at the "war house" in Ypsilanti where individuals gathered for training sessions involving both tactical and encryption-computer training related to criminal activity. In 2024, Weger purchased an AK-47 along with a silencer. He has purchased tactical gear, scopes, and lasers for firearms. He has recently purchased range time at a local gun range. In March 2024 and July 2025, Weger spent approximately $400 on various flags, patches and stickers reflecting various terrorist,

militant and communist groups, including:

- Armenian Secret Army for the Liberation of Armenia (flag)
- TIKKO – Communist party of Turkey insurgent org (patch) – armed wing of the Communist Party of Turkey/Marxist-Leninist
- People's Liberation Guerrilla Army PGLA Communist Party of India (patch)
- Chinese Red Guards (headband)
- New People's Army (communist party of Philippines) (patch) – designated terrorist organization since 2002[1]
- Economic Freedom Fighters South Africa (patch)
- Sendero Luminoso - Maoist guerrilla terrorist organization (tee shirt) – designated terrorist organization since 1997
- IRPGF International Revolutionary People's Guerrilla Forces (patch)
- "Tie me to a missile and fire it at Tel Aviv" (Hamas saying; sticker)
- PFLP Popular Front for the Liberation of Palestine (headband and patch) – a designated terrorist organization since 1997
- Abu Ali Mustafa Brigades (patch) – the military wing of the PFLP

Engrossed in the mix of the conspirators and the commission of criminal acts that threatened the victims, their businesses and

---

[1] See U.S. Dept. of State Designated Foreign Terrorist Organization list, available at https://www.state.gov/foreign-terrorist-organizations, last visited October 1, 2026.

associations, and their families, Weger eagerly offered to participate and suggested additional locations to destroy, such as breaking large construction equipment by using heavy duty tools. Weger was "more than happy to do research" on CAT machines for further targeting.

Weger was arrested on June 10, 2026. After a lengthy detention hearing, the magistrate court released him on bond with conditions that included a curfew and travel restricted to the Eastern District of Michigan. (ECF No. 76). Weger now seeks to be removed from curfew and allowed to travel the entirety of the state. Based on these facts and the law, the Court should deny his motion.

## Argument

Title 18 U.S.C. 3145(a) controls this Court's review of Weger's motion to modify his bond conditions. Under that statute, "if a person is ordered released *by a magistrate judge*, or by a person *other than a judge of a court having original jurisdiction over the offense* and other than a Federal appellate court . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." *Id.* (emphasis added). This Court reviews the matter de novo. *See United States v. Bartlett*, 731 F. Supp. 3d 836, 850

(E.D. Mich., Apr. 22, 2024) (Ludington, J.) (noting routine de novo review for proceedings under § 3145(a)). Once this Court renders its decision, Weger may appeal to the Sixth Circuit under 18 U.S.C. § 3145(c). *United States v. Martin*, 2025 WL 2531045, at *2 (6th Cir. 2025).

Absent an appeal to the Sixth Circuit, § 3145(a) expressly allows the court to review an order of release only when the defendant is released "by a magistrate judge" or "a person other than a judge of a court having original jurisdiction." This district court has original jurisdiction over this matter. The plain language of § 3145(a) does not allow a defendant to seek review of a release conditions set by the district court with original jurisdiction. As a result, the defendant cannot challenge his bond conditions by seeking review under § 3145(a) more than once with this Court. *See United States v. Hanson*, No. 22-CR-00076, 2022 WL 1813585, at *3 (N.D. Ohio, May 3, 2022) (explaining that when the same judicial officer revisits the detention issue, it is considered a "reopening" of the hearing); *In re Sealed Case*, 242 F. Supp. 2d 489, 492 (E.D. Mich., Jan. 31, 2003) (Gadola, J.) (explaining the statutory interplay in the Bail Reform Act); *United States v. Stevenson*, Case No. 20-20026, 2020 WL 1975229, at *1 (E.D. Mich. April 24, 2020) (Cleland, J.) (reasoning that §

3145 is not the proper vehicle to challenge a bond determination by a district court with original jurisdiction, and instead, the defendant must proceed under § 3142(f)); *United States v. Cisneros*, 328 F.3d 610, 614-15 (10th Cir. 2003) (describing the difference between § 3145(a), which allows the district court to review decisions by magistrate judges or courts without original jurisdiction, and § 3142(f), which allows review of conditions set by "the same judicial officer").

Instead, a bond hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

In other words, Weger properly seeks review of the magistrate judge's bond order via 18 U.S.C. § 3145(a). But any future modifications must be sought under 18 U.S.C. § 3142(f), because this Court is the court of original jurisdiction and will have already reviewed the magistrate judge's order (via this pending motion) and set conditions of release. *See Fernandez v. United States*, 146 S. Ct. 1292, 1301 (2026) (explaining that

statutes cannot be interpreted to allow parties to "circumvent" and "frustrate" explicit and established statutory processes (collecting caselaw)).

As noted in the indictment and the government's detention brief (ECF No. 42), Weger and his conspirators have a history of illegal and aggressive conduct. For example, about three weeks prior to the attack at Maersk and Rolls Royce, Weger educated Amatullah Hakim on how to damage heavy duty construction machinery: "the most important part in a lot of them is [ ] hydraulics, which the lines can be cut, just have to be sure you don't cut the high-pressure line." After discussing further, when Amatullah Hakim asked Weger if she made a group for the "action," he responded, "Ya definitely." After the group vandalized Maersk Warehousing and Distribution Service Center on July 8, 2024, Weger boasted to Amatullah, "was scared to say something in the car because I didn't want to jinx us, but very solid team and we pulled through together." The next day, the photos and threats appeared online.

The record does demonstrate that Weger has not violated his pretrial release conditions, but compliance is what allows him to remain on pretrial release without endangering the community or committing

new attacks or threats. Compliance does not show that "the conditions in place are not the least restrictive that can be fashioned." *United States v. Ebonka*, 733 F. Supp. 3d 967, 971 (D. Nev. 2024). If that were true, then a defendant could earn a relaxation of bond conditions simply by mere compliance. "There is not logic to that proposition, and no supporting authority" for it, either. *United States v. Mays*, No. 23-CR-20521, 2024 WL 2863246, at *7 (E.D. Mich. June 6, 2024) (Goldsmith, J.).

## Conclusion

The defendant's motion should be denied.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: October 8, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov