PS8
(01/24)

# United States District Court
for the
**Eastern District of Michigan**

U.S.A. vs. Colin Hunter Weger Docket No. 26-CR20306-008

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Dave Clifford, Pretrial Services Officer, presenting an official report on defendant Colin Hunter Weger, who was placed under pretrial release supervision on a $10,000.00 unsecured bond by United States Magistrate Judge Anthony P. Patti, sitting in the court at Detroit, Michigan, on June 12, 2026, under the following conditions:

1. The defendant must report, as directed, to Pretrial Services Agency.
2. Surrender any passport, enhanced identification, or international travel documents immediately to the supervising officer as directed.
3. Not obtain a passport, enhanced identification, or any international travel documents.
4. Travel restricted to the Eastern District of Michigan.
5. Avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to: co-defendants; Witness in the investigation or prosecution; list to be provided by U.S. Attorney.
6. Not possess a firearm, destructive device, or other dangerous weapons. Remove all firearms, destructive devices, or other dangerous weapons from bond address, and provide verification to the supervising officer within 48 hours of release.
7. Remove all firearms, destructive devices or other dangerous weapons from bond address and provide verification to the supervising officer within 48 hours of release.
8. Not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Provide documentation of any prescribed medications to the supervising officer and any new medications prescribed by a licensed medical practitioner throughout supervision. Refrain from the use of marijuana which is prohibited by federal law.
9. Submit to any testing for a prohibited substance, if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, wearing of a sweat patch, submitting to a breathalyzer, and/or any other form of prohibited substance screening or testing. The defendant/offender must not obstruct or attempt to obstruct or tamper with the efficiency and accuracy of substance screening or testing of prohibited substances.
10. Participate in a program of inpatient or outpatient substance use treatment if directed by the pretrial services office or supervising officer.
11. Participate in the location monitoring programs and comply with its requirements as directed in subsections i, ii, and iii.
    i. Curfew. You are restricted to your residence every day: as directed by the pretrial services or supervising officer

ii. Submit to location morning as directed by the pretrial services office or supering officer and comply with all the program requirements and instructions provided.
iii. You must pay all or part of the cost of the program, including equipment loss or damage, based upon your ability to pay as the pretrial services office or supervising officer determines: Global Position Systems (GPS) Monitoring).

On October 20, 2026, Your Honor granted a Motion to Modify Conditions of Release: Remove Home Curfew and placed on Stand Alone Monitoring. You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restriction as imposed by the court. Remove ED/MI Travel Restriction and changed to State of Michigan Travel Restriction.

**Respectfully presenting petition for action of court and for cause as follows**:

On October 30, 2026, United States Chief Magistrate Judge David R. Grand granted bond to the defendant's co-defendant and roommate, Aaron Hunter Vonbargen. As a condition of release, he granted contact with the defendant due to them residing together but ordered they are not to discuss the case. Therefore, it is necessary to amend the defendant's bond allowing contact with Aaron Vonbargen.

Assistant United States Attorney Margret Smith was present during the hearing and did not object to this request. Defense Counsel was notified of his request.

**PRAYING THAT THE COURT WILL ORDER AMENDING THE DEFENDANT'S ORDER SETTING CONDITIONS TO THE FOLLOWING:**

**Avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to: co-defendants; with the exception of Aaron Hunter Vonbargen; Witness in the investigation or prosecution; list to be provided by U.S. Attorney. The defendant and Aaron Hunter Vonbargen may not discuss the case.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2026

Respectfully,

s/Dave Clifford

U.S. Pretrial Services Officer

Place: Detroit, Michigan

Date: October 30, 2026

**THE COURT ORDERS:**

[ ] No Action

[ X] Modification of Pretrial Conditions as Requested

[ ] Bond Review Hearing and defendant to appear before the Judge assigned to the case on [date] at [time].

[ ] The Issuance of a Warrant [check one]

[ ] Defendant to appear before the Judge assigned to the case for purposes of bond determination and Defendant temporarily detained pending hearing

[ ] Defendant to appear before the Duty Magistrate Judge for purposes of bond determination

[ ] The incorporation of the violation (s) contained in this petition with the other violations pending before the Court.

[ ] Other

ORDER OF COURT

Considered and ordered this 2nd day

of November, 2026 and ordered filed and made a part of the records in the above case.

s/Judith E. Levy

JUDITH E. LEVY, United States District Judge