**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

v.

D-1 Zainab Aliasgar Hakim,

Defendant.
_______________________________/

Case No. 26-20306

Judith E. Levy
United States District Judge

**UNITED STATES' MOTION TO SEAL**

1. On November 2, 2026, the United States filed an emergency motion to revoke Defendant Zainab Hakim's bond. (ECF No. 226). The Court has set a hearing date of November 18, 2026, for this emergency motion.

2. Defendant requested copies of the body worn camera (BWC) worn by the agents that executed the search at her and co-defendant's home on October 29, 2026. The Court requested the same via email on November 13, 2026.

3. Out of professional courtesy and understanding the timing involved in an emergency motion, the government provided the BWC

footage, based on an agreement with the Defendant that the footage could not be shared with anyone outside the defense team and that it could not be copied. This was for good reason: the FBI has not yet reviewed the footage for PII or other sensitive information, which must be protected before being transmitted or filed on the public docket.

4. The BWC footage consists of four videos of federal agents entering and securing Zainab Hakim's residence. Each video runs between eight and ten minutes in length and are marked as Exhibits 1 – 4.

5. The United States now seeks permission to file the BWC under seal in this case, to make it part of the record. The sealing request is only until the FBI can complete its review of the BWC, edit, and redact for PII.

6. Under Local Rule 7.1(a)(2)(A), the government and defense discussed this matter. The defendant did not object to filing BWC as a media exhibit, but objects to the sealing of the footage.

Because the BWC at issue could contain sensitive data and personal identifying information of FBI agents, Defendant, and third parties, including other occupants of the home at the time of the search, the BWC

should be filed under seal until it can be properly reviewed and redacted, if necessary.

Respectfully submitted,
JEROME F. GORGON, JR.
United States Attorney

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: November 16, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

v.

Zainab Aliasgar Hakim,

Defendant

______________________________/

Case No. 26-20306

Judith E. Levy
United States District Judge

**BRIEF IN SUPPORT OF THE UNITED STATES' MOTION TO SEAL**

The United States seeks an order to seal exhibits one through four of its reply brief in support of its motion to revoke Zainab Hakim's bond. The United States asks the Court to shield these exhibits—temporarily—from public disclosure, because they have not yet been reviewed for redaction of personal identifying information (PII). *See also* Fed. R. Crim. P. 49.1 (ordering redacted filings to protect privacy).

**LEGAL STANDARD**

Courts "have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (collecting cases); *see also Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that courts maintain "supervisory power over [their] own records and files"). This power is reflected in the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."); E.D. Mich. LR 5.3(b). Local Rule 5.3(b)(3)(A) outlines the steps that a party must take to request authorization to file materials under seal. E.D. Mich. LR 5.3(b)(3)(A). Local Rule 5.3 applies in criminal cases. *See* E.D. Mich. LCrR 1.1; E.D. Mich. LR 1.1(c).

In the Sixth Circuit, there is a strong presumption that records filed with the court must be open. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* The presumption can be overcome if a party shows "a compelling reason why certain documents or portions thereof should be sealed [and that] the seal itself [is] narrowly tailored to serve that reason." *Id.* "The proponent of sealing . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (internal citation and quotation marks

omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 305 (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d at 476).

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* "And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal." *Id.*

## ARGUMENT

Pursuant to Eastern District of Michigan Local Rule 5.3(b)(3)(A), the United States seeks to file four media exhibits under seal. All videos begin from inside the law enforcement vehicle. They display the front of Zainab Hakim and her roommates' residence, including the address and location; the entry of federal agents into the residence; and federal agents walking through the residence, including the bedrooms and bathrooms of

Zainab Hakim and her roommates, in order to secure the residence for safety threats.

> **Exhibit 1** – 8:55 BWC video of entry into Zainab Hakim's home on October 29, 2026. The video begins with law enforcement inside their vehicles.
>
> **Exhibit 2** – 9:05 BWC video of entry into Zainab Hakim's home on October 29, 2026. This footage begins with law enforcement parking in front of the structure and obtaining gear from the trunk.
>
> **Exhibit 3** – 10:55 BWC video of entry into Zainab Hakim's home on October 29, 2026. The video begins with law enforcement inside their vehicles.
>
> **Exhibit 4** – 10:17 BWC video of entry into Zainab Hakim's home on October 29, 2026. The video begins with law enforcement inside their vehicles.

Defense counsel objected to any of these exhibits being filed under seal. But at a minimum, these exhibits show the front of defendant Zainab Hakim's residential home along with its address, which is prohibited under Fed. R. Crim. P. 49.1(a). Given the widespread media

coverage of this case, it is imperative that law enforcement have opportunity to review the video for other sensitive information, including the other members of the household's personal information. The footage shows law enforcement clearing the location for safety. Any number of personal items for both defendant Zainab Hakim and the other residents could have been picked up on the BWC, including addresses, identifying information such as photos, documents, or license plates.

The privacy interest in the residents as well as law enforcement members could be affected if this media were publicly disclosed before proper review.

The proposed sealed material has not been designated as "confidential" under any protective order. The exhibits all show the same arrest and entry, but from different angles. At a minimum, each of these exhibits shows Zainab Hakim's house number, which must be redacted under Fed. R. Crim. P. 49.1

The Sixth Circuit instructs that "[t]he proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy,

providing reasons and legal citations.'" *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (quoting *Shane Group, Inc.*, 825 F.3d at 306).

Here, the compelling reason to seal these exhibits lies in Rule 49.1. The videos contain sensitive personal information that must be protected from public disclosure. Given the immediacy of the government's pending emergency motion to revoke bond and given that law enforcement does not have the opportunity to apply proper removals or redactions of sensitive information prior to the Court's hearing on the motion, set for November 18, 2026, the government is requesting that it be allowed to file these exhibits under seal, unredacted. Once law enforcement has completed its review, the United States can file the properly redacted media files on the docket.

**CONCLUSION**

For these reasons, the United States asks the Court to grant the motion to seal and permit the United States to seal the items listed herein.

Respectfully submitted,

JEROME F. GORGON JR.,
United States Attorney

s/Margaret M. Smith
Assistant United States Attorney
Robert Kuhn, AUSA
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9135
E-Mail: margaret.smith@usdoj.gov
Bar No. P71413

Dated: November 16, 2026