**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

v.

Zainab Aliasgar Hakim,

Defendant.

_______________________________/

Case No. 26-cr-20306-01

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

**ORDER GRANTING THE GOVERNMENT'S MOTION TO FILE EXHIBITS 1–4 TO ITS REPLY BRIEF UNDER SEAL [265]**

Before the Court is the Government's motion to seal Exhibits 1–4 to its reply brief in support of its Emergency Motion to Revoke Defendant Zainab Hakim's bond. (ECF No. 265.) Defendant objects to filing these exhibits under seal. (*See id.* at PageID.1704.) The Government's motion is granted for the reasons set forth below.

Eastern District of Michigan Local Rule 5.3 governs material filed under seal.[1] There is "a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825

[1] Local Rule 5.3 applies in civil and criminal actions. *See* Local Rule 1.1(c); Local Criminal Rule 1.1.

F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(C)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* (citing *Brown & Williamson*, 710 F.2d at 1176).

The Government asks to seal Exhibits 1–4 to its reply brief in support of its Emergency Motion to Revoke Defendant's bond. (ECF No. 265.) Exhibits 1–4 are copies of the body worn camera (BWC) footage from the BWCs from four officers who executed a search warrant at

Hakim and Defendant Henry David Mackeen-Shapiro's home on October 29, 2026. The Government argues that, at a minimum, the video footage contains Hakim and Mackeen-Shapiro's home address, which is prohibited under Federal Rule of Criminal Procedure 49.1(a), and that it might contain other sensitive, personally identifying information. (ECF No. 265, PageID.1709–1710.)

The Court finds that the exhibits contain sensitive information that is appropriate for sealing. Hakim does not identify compelling interests that support public access to the potentially sensitive information in these exhibits, and the Court is not aware of any that outweigh the interests favoring nondisclosure. The Court also finds that the sealing proposed by the Government is not broader than necessary.

Accordingly, the Government has met all three *Shane Group* factors in favor of sealing Exhibits 1–4. As such, the Government's motion to file Exhibits 1–4 to its reply brief in support of its Emergency Motion to Revoke Hakim's bond is GRANTED. However, the Government is ORDERED to re-file redacted versions of Exhibits 1–4. The redacted versions of Exhibits 1–4 will not be sealed.

IT IS SO ORDERED.

Dated: November 19, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager