UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CRIMINAL NO. 26-20306

v.

HON. JUDITH E. LEVY

D-11 JOSEPH MARK FISHER,
Defendant.

---

**United States' Objection to D-11 Joseph Fisher's Request for Initial Appearance and Arraignment Remotely**

---

1. Defendant Joseph Fisher is indicted with two counts of conspiracy to use the internet to transmit threats in interstate or foreign commerce, in violation of 18 U.S.C. § § 371; 875(c). An arrest warrant issued on October 24, 2026 (ECF 202; 203; 215; 266).

2. Fisher was appointed counsel under the Criminal Justice Act. Fisher is currently believed to reside in Germany.

3. On November 23, 2026, counsel for Fisher contacted the magistrate duty court manager to arrange for remote appearance and arraignment on the proceedings.

4. The government objects to holding an initial appearance and arraignment for Joseph Fisher today. He has never been arrested (and there was no summons),

so the Court lacks jurisdiction to hold an initial appearance. Fed. R. Crim. P. 5(a) (explaining the procedure for making an initial appearance upon an arrest or summons) (emphasis added); *United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994) ("Plainly, a duty to present a person to a federal magistrate does not arise until the person has been arrested or a federal offense."). "The existence of an 'indictment and issuance of an arrest warrant' alone, do not trigger Rule 5's requirement to bring a defendant before a federal judicial officer." *United States v. Zambada Garcia*, No. 12-CR-849, 347 F.R.D. 301, 307 (W.D. Tex. Sept. 4, 2024) (quoting *United States v. Gonzalez*, 764 F.3d 159, 167-68 (2d Cir. 2014)). "That an arrest—and only an arrest—can trigger Rule 5 procedures is unsurprising, given that Rule 5 is largely a codification of 'the common-law rule of prompt presentment, which required that an officer take an arrested person before a magistrate as soon as he reasonably could.'" *Id*. (quoting *United States v. Boche-Perez*, 755 F.3d 327, 333 (5th Cir. 2014)).

5. "[T]he existence of [an] indictment and unexecuted warrant" does not "constitute[] an arrest" and Rule 5 "does not require, nor even authorize, the Court to hold" an initial appearance. Id. (internal citations omitted); see also *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that [the defendant] is within the territory

of the United States."); *United States v. Perez*, 752 F.3d 398, 407 (4th Cir. 2014) ("Personal jurisdiction in a criminal case is still based on physical presence, which is usually acquired by taking the defendant into custody via arrest.").

6. Fisher is living abroad (allegedly in Germany), there is an active arrest warrant that has not been executed, and he has not voluntarily appeared or surrendered in the United States.

7. Only a U.S. marshal or authorized officer may execute an arrest warrant, which must be executed within the jurisdiction of the United States. Fed. R. Crim. P. 9(c) (the arrest warrant must be executed or the summons served as provided in Rule 4[.]") (emphasis added); Fed. R. Crim. P. 4(c) ("A warrant is executed by arresting the defendant."). Although Rules 5 and 10 provide for a defendant to consent to video teleconferencing for an initial appearance and arraignment, see Fed. R. Crim. P. 5(g), Fed. R. Crim. P. 10(c), the Court lacks jurisdiction to conduct either proceeding because the defendant has not been arrested or appeared on a summons.

8. The government objects to any proceedings occurring before Mr. Fisher's arrest or surrender in the United States. Notably, defense counsel misrepresented to the government that Mr. Fisher would appear in person for the arraignment. Defense counsel was aware of the government's objection to

proceeding via video arraignment when Mr. Fisher had not been arrested. Despite defense counsel's representation that Mr. Fisher would appear in person, defense counsel contacted pretrial services to schedule Mr. Fisher's interview for a video arraignment, without notifying pretrial services that the government objected to this.

9. Only yesterday did the government learn that defense counsel contacted pretrial services and the Court to schedule a video arraignment. Once pretrial services learned that the government objected, it stopped its investigation. Based on conversations with pretrial services, it is extremely rare to allow an international defendant to even be placed on bond (because of the lack of jurisdiction) and both parties must agree. Similarly, the United States Marshals Service cannot book and process a defendant who has never physically appeared in the United States. Nor can the United States seek an order of detention—even temporary—when the body is not physically present.

10. There is good reason to believe that this defendant will refuse to submit to the personal jurisdiction of the United States. Through the investigation, the government has found numerous indications of Fisher being an ardent Hamas supporter and his claimed intention of never coming back to the United States. The fact that defense counsel indicated that Fisher was willing to come to the

United States to face his charges, and now will not do so, is additional cause for concern.

11. The Court cannot hold an initial appearance on a defendant who is not submitted to personal jurisdiction, who has not been arrested, and remains a fugitive, until he personally appears for his arrest warrant.

The government objects to any further proceedings as to Joseph Fisher in this case until he has been properly surrendered to the U.S. Marshal's service as required by law.

Respectfully submitted,

JEROME F. GORGON JR.,
United States Attorney

s/Margaret M. Smith
Assistant United States Attorney
Robert Kuhn, AUSA
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9135
E-Mail: margaret.smith@usdoj.gov
Bar No. P71413

Dated: November 24, 2026

## Certificate of Service

I certify that on November 24, 2026, I electronically filed the foregoing Objection with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Attorneys of record

s/*Margaret M. Smith*
Margaret M. Smith
Assistant U.S. Attorney
United States Attorney's Office