UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No.: 26-cr-20306-1

v.

Hon. Judith E. Levy

Zainab Hakim,

Defendant.

---

**MOTION FOR DISCLOSURE OF GRAND JURY MATERIAL**

---

On November 18, this Court ordered the parties to brief the issue of whether the Court could review *in camera* grand jury material pertaining to Count Eleven of the Superseding Indictment. Zainab Hakim, through counsel, now moves separately under Rule 6(e)(3)(E)(ii) for direct disclosure of grand jury material in support of a motion to dismiss Count Eleven. The defense hereby incorporates the arguments and authorities cited in its memorandum in support of oral motion for disclosure, (ECF No. 273). Pursuant to Local Rule 7.1(a), defense counsel sought the government's concurrence in this request. The government does not concur.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

*s/ Amanda N. Bashi*
Amanda N. Bashi
Assistant Federal Defender
Attorney for Zainab Hakim

613 Abbott Street, Suite 500
Detroit, Michigan 48226

Dated: November 24, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No.: 26-cr-20306-1

v.

Hon. Judith E. Levy

Zainab Hakim,

Defendant.

---

**MEMORANDUM IN SUPPORT OF MOTION FOR DISCLOSURE OF GRAND JURY MATERIAL**

---

Zainab Hakim hereby incorporates the factual background, legal standard, and arguments in Section I, III, and IV of her memorandum in support of the oral motion for disclosure. (ECF No. 273.)

In short, the government's material misrepresentations, shifting legal and factual theories, and gamesmanship raise a substantial risk that an error occurred before the grand jury, such that "ground[s] may exist to dismiss the indictment . . ." Fed. R. Crim. P. 6(e)(3)(E)(ii). This showing satisfies the "particularized need" required by Rule 6, *see Douglas Oil Co. v. Petrol Stops Northwest* 441 U.S. 211, 222 (1979), and outweighs the need for secrecy of grand jury proceedings. *Id.* The defense should thus be able to explore if any error "substantially influenced the grand jury's decision to indict," or whether "there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988).

As stated in the memorandum, (ECF No 273, PageID.1898-99), Ms. Hakim requests disclosure of the government's legal instructions to the grand jury on Count Eleven of the Superseding Indictment; its statements and colloquy; government witness testimony; and exhibits and summaries.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

*s/ Amanda N. Bashi*
Amanda N. Bashi
Assistant Federal Defender
Attorney for Zainab Hakim
613 Abbott Street, Suite 500
Detroit, Michigan 48226

Dated: November 24, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff, Case No.: 26-cr-20306-1

v. Hon. Judith E. Levy

Zainab Hakim,

Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2026, I filed the foregoing document electronically with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

s/Amanda N. Bashi