**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff, Case No. 26-20306

v. Honorable Judith E. Levy

Joseph Mark Fisher,

Defendant.

______________________________/

**RESPONSE TO PLAINTIFF'S OBJECTION TO PROCEEDING IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 10 [ECF 274]**

The government is wrong on the facts, wrong on the law, and lacks standing to raise an objection to proceeding with a Zoom initial appearance and arraignment. The cases cited by the government are inapplicable, and the government ignores controlling authority. Its position is without merit.

The specific allegations against Mr. Fisher in Counts 2 and 3 are:

> Count 2 - "On or about June 3,2024, D-3 PAIGE ELIZABETH FEYOCK, D-l I JOSEPH MARK FISHER, D-12 SRISHTI TARANA SHARMA, and others accessed and edited a CryptPad.fr document that contained the 'Statement on 06/03/2024 Regarding the

> Autonomous Action.' The document included separate sections for official statements from @pal _action and @tahrir coalition." [ECF 266, PageID 1729-1730].
>
> Count 3 - "On or about June 29, 2024, D-l1 JOSEPH MARK FISHER sent a Signal message to D-l ZAINAB ALIASGAR HAKIM and "C", an individual associated with Unity of Fields/Pal Action: 'this is my comrade Zainab, she said she has some content for pal action.'" [ECF 266, PageID 1734-1735).

First, the government relies on Federal Rule of Criminal Procedure (FRCP) 5; however, the government misunderstands (or misrepresents) the Rule because FRCP 5 only governs what must happen upon an arrest and does not dictate when or how an initial appearance and arraignment may proceed. The government's reliance on *Alvarz-Sanchez*, 511 US 350, 358 (1994)[1] does not support its argument because that case stood simply for the proposition that a defendant cannot claim a violation of FRCP 5 unless he has been arrested for a federal offense, rather than merely a state offense. Likewise, the Western Texas case cited by Plaintiff, *Zambada Garcia*, 347 F.R.D. 301 (W.D. Tex. 2024),[2] is inapposite because it addresses initial appearance venue only when a defendant faces charges in multiple districts.

The government relies on the following language, "That an arrest—and only an arrest—can trigger Rule 5 procedures is unsurprising, given that Rule 5 is largely a codification of 'the common-law rule of 'prompt presentment,' which required that an officer take *an arrested person* before a magistrate 'as soon as he reasonably

---

[1] Plaintiff cited at ECF 274, PageID 1903.
[2] Id.

could.'" *Id* at 306. However, this language governs what the government must do to bring a defendant to court *if arrested*. Neither the plain language of FRCP 5, nor *Zambada Garcia*, support the government's argument that an arrest **must occur prior** to initial appearance and arraignment.

Equally, the government relies on *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005)("Personal jurisdiction is supplied by the fact that Burke is within the territory of the United States."), and *United States v. Perez*, 752 F.3d 398 (4th Cir. 2014), a civil case, which states, in the same paragraph selectively cited in Plaintiff's Objection, "Even if physical custody is no longer *necessary* to endow a civil court with personal jurisdiction over a defendant, it is clearly *sufficient* to do so." *Id* at 407.

While the government relies on inapposite cases, it inexplicably ignores the clearly established precedent of the United States Supreme Court, which permits a defendant to consent to personal jurisdiction.

> The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. Thus, the test for personal jurisdiction requires that "the maintenance of the suit ... not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).

> Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived. In *McDonald v. Mabee, supra*, the Court indicated that regardless of the power of the State to serve process, an individual may submit to the jurisdiction of the court by appearance.
>
> *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03, 102 S. Ct. 2099, 2104–05, 72 L. Ed. 2d 492 (1982).

As counsel has previously assured the government, at the initial appearance and arraignment, Mr. Fisher will fully affirm that he submits himself to the jurisdiction of the Court.

Further, FRCP 10(c) permits a Zoom arraignment "if the defendant consents." The government is of the mistaken opinion that its consent is material or necessary. For example, government counsel refused to participate in arraignment if Mr. Fisher appeared via Zoom, which was a clear attempt to dictate how this United States District Court may execute its judicial duties. FRCP 10 does not empower the government with such authority.

Finally, the Government's objection contains, not for the first time in this case, misrepresentations of fact to the Court. Government counsel states that defense counsel "misrepresented to the government that Mr. Fisher would appear in person for the arraignment. Defense counsel was aware of the government's objection to proceeding via video arraignment when Mr. Fisher had not been arrested. Despite defense counsel's representation that Mr. Fisher would appear in person, defense counsel contacted pretrial services to schedule Mr. Fisher's interview for a video

arraignment, without notifying pretrial services that the government objected to this."[3] In reality, government counsel insisted that it needed to arrest Mr. Fisher prior to any arraignment; it would not allow him to appear via a summons after his school term ends;[4] and otherwise insisted on the government's need to arrest.

Defense counsel informed the government that the government was wrong about the legal requirements to proceed with initial appearance and arraignment. Further, defense counsel informed the government that the defense would look at dates and costs to fly to the United States during the school term solely as a way to avoid prolonged litigation of the issue and inform Plaintiff **if** Mr. Fisher was going to fly in so that the US Marshal Service could meet him. The flights were cost prohibitive for a graduate student, so defense counsel informed the government that we would be requesting a Zoom arraignment to avoid further delay.

Moreover, after the Pretrial Services Interview on 11/23/2026, government counsel informed me that Pretrial Services refused to conduct remote interviews; an odd lie given that the interview had been completed. Moreover, the government states that Pretrial Services stopped its investigation when it learned that Plaintiff objected. However, Pretrial Services requested additional information and continued its investigation today.

---

[3] ECF 274, PageID 1904-1905.

[4] Though Plaintiff's counsel did offer to allow Mr. Fisher to remain in Germany until the end of his term, but with an active arrest warrant.

There is no reliable factual basis to assert that Mr. Fisher will refuse to submit to the jurisdiction of this Court. Government counsel seems to be operating under the misguided impression that legal disagreement with the government is proof of bad faith. Despite the government's attempt to assert control of the Court's functions, operations, and departments, it has provided no support for its opinion that the "Court cannot hold an initial appearance on a defendant who is not submitted to personal jurisdiction, who has not been arrested, and remains a fugitive, until he personally appears for his arrest warrant."[5]

The United States Supreme Court and the plain language of FRCP 10 allow the Zoom arraignment. In fact, Rule 10 provides no standing for the government to even object to proceeding in that manner.

Respectfully submitted,

By: /s/ Ryan Hugh Machasic
RYAN HUGH MACHASIC
Attorney for Defendant
28411 Northwestern Hwy., # 875
Southfield, MI 48034
586.914.6140
ryan@machasiclaw.com

[5] Id, PageID 1906.

## CERTIFICATE OF SERVICE

I, Ryan Hugh Machasic, hereby certify that on November 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: attorneys of record.

Respectfully submitted,

By: /s/ Ryan Hugh Machasic